**UNITED STATES of America,**

v.

Scott David HARLOFF, Gregory Robin Raggi, Michael David Mazzeo, Thomas William Alessi, James William O'Brien, and Gordon Frederick Urlacher, Defendants.

**No. 91–CR–205T.**

United States District Court, W.D. New York.

March 18, 1993.

Michael Gennaco, Jessica Ginsberg, and Kathleen Mahoney, Asst. U.S. Attys., United States Attorney's Office, Rochester, NY, for Government.

John R. Parrinello, Redmond & Parrinello, David Rothenberg, Geiger & Rothenberg, Anthony F. Leonardo, Jr., Karl F. Salzer, Gough, Skipworth, Summers, Eves and Trevett, P.C., and John F. Speranza, Rochester, NY, for defendants.

DECISION AND ORDER

TELESCA, Chief Judge.

Counts 18 and 19 of the Indictment allege violations of 18 U.S.C. § 666, charging the defendants with falsifying payroll records by claiming to have worked 40–hour weeks when in fact they worked "substantially fewer hours." The Indictment charges that since the defendants consistently worked fewer hours than they claimed, the differential between wages earned and wages paid constituted an embezzlement or misapplication of funds as contemplated by 18 U.S.C. § 666. The proof at trial of these charges has come from the testimony of other Roch-

---

ester police officers, who testify under a grant of immunity.

18 U.S.C. § 666(c) states, however: "This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." A plain reading of that section, in my view, prohibits a prosecution under § 666 based on an employee's accepting wages for more hours than s/he actually worked. In a communication dated March 10, 1993, I raised this concern to counsel for both sides and asked the government to provide some authority to justify the continuance of these charges.

In response to my request, the government cited, *inter alia, U.S. v. Stout,* 1990 WL 136341, 1990 U.S.Dist. LEXIS 12343 (E.D.Pa.1990), which involved a prosecution under § 666 based on "ghost employees", that is, persons listed on an official payroll who performed no actual work. Provided the other benchmarks of § 666 are met, the statute certainly authorizes the federal prosecution of an employee who invents fictitious workers and collects their "wages" for his/her own use. The government argues that the difference between such "ghost employees" and the defendants in this case is "only one of degree." I disagree. While the exception stated at subsection (c) would not preclude a prosecution involving wages which are clearly not "bona fide", its plain language would prevent making a federal crime out of an employee's working fewer hours than he or she is supposed to work, and the scant case law, which the government has cited fully and ably to the Court, does not support a contrary conclusion.

Nor is a contrary conclusion required by the relevant legislative history. The legislative history of the 1986 amendment to § 666(c) which excepts "bona fide salary, wages, ..." from the statute's reach is neither extensive nor obvious. The amendment is one of the minor changes in substantive criminal law effected by Pub.L. No. 99–646, which also effected sweeping changes in the Comprehensive Crime Control Act of 1984, the Victims of Crime Act of 1984, and certain lesser changes in the Federal Rules of Criminal Procedure. The sole reference to the

amendment of § 666(c) appears to be in H.R.Rep. No. 797, 99th Cong., 2d Sess. 30 (1986), U.S.Code Cong. & Admin.News 1986, pp. 6138, 6153, which states:

> [This section] of the bill amends 18 U.S.C. 666, which deals with theft or bribery concerning programs receiving federal funds. [The section] clarifies that 18 U.S.C. 666 covers programs of Indian Tribal governments and Tribal government agencies. In addition, [the section] amends 18 U.S.C. 666 to avoid its possible application to acceptable commercial and business practices. (footnote omitted) [It also makes stylistic changes in § 666.]

By footnote, this brief section of House Report 797 indicates that the amendment "parallels the bank bribery provision (18 U.S.C. § 215.)" The legislative history of 18 U.S.C. § 215 is only slightly more extensive and no more illuminating on this issue. Section 215 was enacted by Pub.L. 99–370. The relevant legislative report indicates that "usual salary" was excluded from the statute's reach and that Section 215 was intended, not to criminalize practices that are either "legitimate" or "acceptable", H.R.Rep. No. 335, 99th Cong., 1st Sess. 3–5, U.S.Code Cong. & Admin.News 1986, pp. 1782, 1784, 1786. Absent a clearer mandate from Congress, either in its statutory language or in the history of its deliberations, I cannot be persuaded that it intended to criminalize an employee's early departure from work, or even a group of employees' agreement to depart work early. *See Evans v. U.S.,* —— U.S. ——, ——, 112 S.Ct. 1881, 1893, 119 L.Ed.2d 57 (1992) (Kennedy, J., concurring) ("By placing upon a criminal statute a narrow construction, we avoid the possibility of imputing to Congress an enactment that lacks necessary precision."); *see also Bifulco v. U.S.,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (Rule of lenity requires the construction of criminal statutes in favor of the accused); *cf. McNally v. U.S.,* 483 U.S. 350, 373, 107 S.Ct. 2875, 2889, 97 L.Ed.2d 292 (1987) (Rule of lenity does not require that a criminal statute be given its narrowest interpretation in disregard of clearly articulated legislative intent and established judicial construction.)

Accordingly, and on my own motion, I dismiss Counts 18 and 19 of the Indictment.

ALL OF THE ABOVE IS SO ORDERED.